UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN MOULD, et al.,<br><br>      Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, INC., et al.,<br><br>      Defendants. | CASE NO. C05-202P<br><br>SECOND ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Following the entry of an Order Declining to Serve Complaint (Dkt. No. 7), Plaintiffs filed an amended complaint (Dkt. No. 9) with this Court. The Court, having reviewed the complaint and record, does hereby find and ORDER that the complaint is defective for the following reasons:

(1) Rule 8(a) of the Federal Rules of Civil Procedure provides that

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. . . .

Fed. R. Civ. P. 8(a).

Plaintiffs' complaint does not comply with the requirements set forth in Rule 8(a). Plaintiffs plead federal jurisdiction on the basis of diversity of citizenship, but one of the defendants (Regional Trustee Services Corporation) is domiciled in the State of Washington just as Plaintiffs are. The law is clear that complete diversity is required to establish jurisdiction on this basis; i.e., none of the

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO AMEND - 1

1  defendants may share a common citizenship with any of the plaintiffs. Strawbridge v. Curtiss, 7 U.S.
2  267 (1806); Soderstrom v. Kungholm Baking Co., 189 F.2d 1008, 1114 (7th Cir. 1951). Plaintiffs
3  have thus failed to adequately plead federal jurisdiction in their lawsuit.
4         (2)    The Court will permit Plaintiffs to file one more amended complaint to cure the above-
5  mentioned deficiency; that complaint must be filed within thirty days of the date on which this Order is
6  signed. The amended complaint must be legible and must be sufficiently clear to produce a readable
7  scanned image. In addition, the amended complaint must carry the same case number as this one. If
8  no amended complaint is timely filed or if the amended complaint fails again to establish federal
9  jurisdiction, the Court will recommend that this matter be dismissed under 28 U.S.C. §
10 1915(e)(2)(B)(ii).
11        Plaintiffs are advised that an amended pleading operates as a *complete* substitute for an original
12 pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v.*
13 *Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506
14 U.S. 915 (1992). Thus, if plaintiffs choose to file an amended complaint, the Court will not consider
15 his original complaint.
16        (3)    The Clerk is directed to send plaintiff the appropriate forms so that he may file an
17 amended complaint. The Clerk is further directed to send copies of this Order, and of the General
18 Order, to plaintiff.
19
20        DATED this  19th   day of April, 2005.
21
22                                          Marsha J. Pechman
                                            U.S. District Judge
23
24
25
26 ORDER DECLINING TO SERVE AND
   GRANTING LEAVE TO AMEND - 2