UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN LEROY MOULD II and LISA MARIE MOULD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO.  C05-202<br><br><br>ORDER DIRECTING SERVICE BY MAIL AND PROCEDURES |

　　　　Plaintiff has previously been granted leave to proceed *in forma pauperis*.

　　　　(1)　　<u>Service by Clerk</u>.

　　　　The Clerk shall send the following to each individual defendant by certified mail: a copy of the Amended Complaint and of this Order, two copies of the Notice of Lawsuit and Request for

ORDER DIRECTING SERVICE
PAGE - 1

Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office.

(2)     <u>Response Required</u>.

The individual defendant(s) shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons. Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. **Any defendant who fails to timely return the signed Waiver will be personally served with a summons and complaint by the United States Marshal, and shall be required to pay the full costs of such service by the Marshal, unless good cause is shown pursuant to Rule 4(d)(2).**

The United States, on behalf of any official capacity defendant(s), shall have **sixty (60) days** within which to file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

(3)     <u>Filing and Service by Parties, Generally</u>.

All original documents and papers submitted for consideration by the court in this case, and a duplicate of all such papers, are to be filed with the Clerk of this court. The originals and copies of all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies are to be delivered. The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be written acknowledgment of service,

by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.

 (4) <u>Motions</u>.

Any request for court action shall be set forth in a motion, properly filed and served. A party must file and serve with the motion a supporting memorandum. The motion shall include in its caption (immediately below the title of the motion) a designation of the date upon which the motion is to be noted upon the court's calendar. The parties are referred to Local Rule 7 for further information on the form and scheduling of motions.

 (5) <u>Motions for Summary Judgment.</u>

If one of the parties files a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56. Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through declarations, depositions, answers to interrogatories, or authenticated documents, specific facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), *cert. denied*, 119 S. Ct. 2392 (1999). In other words, failure to properly oppose a motion for summary judgment could result in the dismissal of your case prior to trial, based solely on the

evidence submitted in the motion.  Local Rule 7 of the United States District Court for the Western District of Washington also states what is required to oppose a motion for summary judgment.

(6)     <u>Direct Communications with District Judge or Magistrate Judge</u>.

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(7)     The Clerk is directed to send a copy of this Order  [and of the General Order] to plaintiff.

DATED this __30th__ day of June, 2005.

_____
Marsha J. Pechman
U.S. District Judge