UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVIN LEROY MOULD II and LISA MARIE MOULD,

    Plaintiff(s),

  v.

SAXON MORTGAGE SERVICES, INC.,

    Defendant(s).

NO. C05-292P

ORDER ON MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Dismiss for Failure to State a Claim and Memorandum in Support of Motion to Dismiss

2. Objection to Motion to Dismiss[1]

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED and this case will be DISMISSED for failure to state a claim upon which relief may be granted and failure to join all necessary parties.

**Background**

In October of 2001, Plaintiffs executed a Deed of Trust to Defendant on their property in Olympia, Washington in exchange for a $200,000 loan. Defendant avers, and Plaintiffs do not controvert, that they eventually defaulted on that loan. In December of 2004, Plaintiffs' property was sold at a foreclosure sale to Deutsche Bank.

---

[1] On August 5, 2005, Plaintiffs filed an additional response to Defendants' motion entitled "Opposition to Proposed Order to Dismiss" (Dkt. No. 25). The Local Rules provide for a single pleading to be filed in response to a motion, which Plaintiffs filed on July 11, 2005 (Dkt. No. 19). LR 7(h). Their supplementary response, filed after the noting date for the motion, was not reviewed by the Court and will be disregarded.

**ORD ON MTN TO DISMISS - 1**

1   Following the foreclosure sale, Deutsche Bank filed an unlawful detainer action in Thurston County Superior Court, obtaining the permission of that court to make service by certified mail and by posting. In February of 2005, Plaintiffs filed an answer to the unlawful detainer complaint which contained their defense that they had discharged their obligation under the mortgage by submitting an authorized transfer of their "exemption" and a "bill of exchange." (Those actions by Plaintiffs form the basis of the instant lawsuit as well.)

A month later, a writ of restitution was issued following a show cause hearing calendared by Deutsche Bank in Thurston County Superior Court. Although it was later revealed that Plaintiffs had filed Chapter 11 bankruptcy proceedings in the Western District of Washington, Deutsche Bank obtained an order from the Bankruptcy Court permitting them to go forward with the Thurston County proceeding. Plaintiffs attempted, in May of 2005, to remove the Thurston County to federal court (3:05-CV-05335-FDB), but that case was terminated upon the denial of Plaintiffs' motion to proceed in forma pauperis.

On June 2, 2005, Plaintiffs filed the instant action, which Defendant now seeks to have dismissed pursuant to FRCP 12(b)(6).

**Discussion**

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). Where it is clear that the allegations in a complaint do not set forth a claim, dismissal is proper. Gold Seal Chincillas, Inc. v. State, 69 Wn.2d 828 (1966); State ex rel. Lopez-Pacheco v. Jones, 66 Wn.2d 199 (1965); Davis v. Bafus, 3 Wn.App. 164 (1970).

Plaintiffs' allegation, which they claim entitles them to relief, is that they have discharged a contractual obligation by offering a "Bill of Exchange." No explanation is offered regarding the nature of this instrument and no statutory or other recognized legal authority is cited which supports Plaintiffs' belief that they may discharge a contractual obligation by proffering a "Bill of Exchange"

**ORD ON MTN
TO DISMISS - 2**

1  instead of currency or other legal tender.  Nor do they cite to any provision of the contract which
2  permits discharge in such a manner.

3      Plaintiffs may not prosecute a lawsuit on grounds which are not recognized by the law.  The
4  citations in their Amended Complaint to provisions of the Uniform Commercial Code and the Revised
5  Code of Washington concern "tender and payment" and are premised on the existence of (1) a valid
6  commercial instrument by which (2) a claimant has obtained or can obtain actual payment.   Nothing in
7  their pleadings establishes that a "Bill of Exchange" is such an instrument.

8      The Court *sua sponte* raises Plaintiffs' violation of FRCP 19(a) as a further grounds for
9  dismissal of this litigation.  Plaintiff is required to join as parties to the action all persons whose
10 interests are so directly involved that their presence is needed for just adjudication.  Plaintiffs' own
11 complaint acknowledges that the present holder of the note under which they are suing is not
12 Defendant Saxon Mortgage Services, Inc., but is rather "Deutsche Bank Trust Company Americas,
13 f/k/a Bankers Trust Company."  Complaint, ¶1.  Defendant alleges (and Plaintiffs do not controvert)
14 that it was Deutsche Bank who foreclosed on the note, initiated the sale of Plaintiffs' property and
15 filed the unlawful detainer action against them.  Without the presence in the lawsuit of the party
16 holding the note at issue, "complete relief cannot be accorded among those already parties"
17 (FRC19(a)) and dismissal is proper under FRCP 12(b)(7).

18     A review of the record in this matter indicates that Plaintiffs have twice been given the
19 opportunity to amend their pleadings to conform to the requirements of federal procedural and
20 substantive law.  Judicial economy and the interests of justice indicate that it is appropriate at this
21 point to simply put an end to Plaintiffs' ill-advised attempt to escape their contractual obligations.

**ORD ON MTN**
**TO DISMISS - 3**

**Conclusion**

Plaintiffs having failed to state a claim upon which relief may be granted and having failed to join all parties required for just adjudication of the issues presented, dismissal of this lawsuit is proper under FRCP 12(b)(6) and 12(b)(7), and it is so ordered.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August __12_, 2005

/s/ Marsha J. Pechman

Marsha J. Pechman
U.S. District Judge

ORD ON MTN
TO DISMISS - 4